UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

MICHAEL ANGELO BURNETT,

    Plaintiff,

v.

JAMES CORRIGAN et al.,

    Defendants.

_____/

Case No. 2:25-cv-280

Honorable Robert J. Jonker

**<u>OPINION</u>**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff filed an application to proceed *in forma pauperis* (ECF No. 2); however, Plaintiff is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Where a plaintiff is ineligible for *in forma pauperis* status under 28 U.S.C. § 1915, "he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002).

Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim, and Plaintiff has not demonstrated that he is in imminent danger of serious physical injury to allow him to proceed *in forma pauperis* in this action. Further, Plaintiff has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[1] Accordingly, for the reasons set forth below, this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

_____

[1] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $55.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the United States Court of Appeals for the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule

---

corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See* Op. & J., *Burnett v. Marschke et al.*, No. 2:09-cv-225 (W.D. Mich. Feb. 5, 2010), (ECF Nos. 6, 7); Op. & J., *Burnett v. Hofbauer et al.*, No. 2:09-cv-192 (W.D. Mich. Dec. 2, 2009), (ECF Nos. 8, 9); Op. & J., *Burnett v. Caruso et al.*, No. 2:09-cv-180 (W.D. Mich. Oct. 8, 2009), (ECF Nos. 8, 9); Op. & J., *Burnett v. Hill et al.*, No. 2:09-cv-39 (W.D. Mich. Mar. 6, 2009), (ECF Nos. 8, 9); Op. & Order, J., *Burnett v. Caruso et al.*, No. 2:08-cv-168 (W.D. Mich. Jan. 5, 2009), (ECF Nos. 15, 16). In addition, Plaintiff has been denied leave to proceed *in forma pauperis* under the three-strikes rule in numerous cases. All of Plaintiff's dismissals were entered after enactment of the PLRA on April 26, 1996, and all of the dismissals constitute "strikes" under the standard articulated by the Sixth Circuit in *Crump v. Blue*, 121 F.4th 1108 (6th Cir. 2024).

As explained below, in this action, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v.*

3

*Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).

> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id.* Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff is currently incarcerated at the Macomb Correctional Facility (MRF) in Lenox Township, Macomb County, in Michigan.[2] The events about which he complains occurred at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, in Michigan, and Plaintiff was incarcerated at URF when he initiated the action. (*See* Envelope, ECF No. 1, PageID.13.) Plaintiff sues the following URF staff: Warden James Corrigan, Correctional Officer (CO) Unknown Campbell, CO Unknown DeLapp, and CO Unknown Party. (Compl., ECF No. 1, PageID.2–4.)

In his complaint, Plaintiff alleges that on November 16, 2025, and November 17, 2025, he was "subjected to acts of sodomy, rape, sexual misconduct, sexual assault, and sexual harassment," by Defendants Campbell, DeLapp, and Doe, and Plaintiff alleges that Defendant Corrigan is

---

[2] *See* https://mdocweb.state.mi.us/OTIS2/Search (enter "200640" for the "Offender Number" and select "Search") (last visited July 27, 2026).

"responsible for authorizing [the] Defendant CO's use of force . . . when they are securing the Correctional Facility Administration [and] this is allowing them to commit the sex acts in this lawsuit." (*Id.*, PageID.5, 7–8.) Further, Plaintiff claims that the above-described sexual acts by Defendants occurred in his cell at URF in the presence of his cellmate but that the Defendants "remain unseen." (*Id.*, PageID.5–6.) Plaintiff states that how Defendants "are securing the Correctional Facility Administration" to engage in the above-discussed actions "is not known to Plaintiff" because the MDOC "has never issued a written policy directive or operational procedure describing how or addressing the security related issues in this lawsuit." (*Id.*, PageID.8–9.) Plaintiff alleges that the "sexual abuse . . . continues at Chippewa Correctional Facility unabated." (*Id.*, PageID.6.) Plaintiff also claims that he "suffers from a mental disability, [and] if aggravated, [it] causes delusions and anxiety" and that the sexual abuse "is deteriorating his mental health." (*Id.*, PageID.6–7.)

As explained below, Plaintiff fails to show that he was in imminent danger from any of the named Defendants at the time that he filed the complaint. Allegations of elusive and ongoing abuse have been some of Plaintiff's "go to" allegations to avoid the "three strike" consequences of previously filing meritless lawsuits. Plaintiff has previously alleged that the "personal protection devices system" or a similar "system," like the Correctional Facility Administration in this complaint, was involved in the alleged assaults, most recently in *Burnett v. Corrigan et al.*, No. 2:25-cv-136 (W.D. Mich).

Additionally, in three cases filed in 2020, Plaintiff alleged that various officials used the prison "Safety System" to assault Plaintiff over a period of years. *See Burnett v. Macauley et al.*, No. 1:20-cv-1116 (W.D. Mich.); *Burnett v. Wilborn et al.*, No. 1:20-cv-1161 (W.D. Mich.);

5

*Burnett v. Washington*, No. 1:20-cv-1173 (W.D. Mich.).[3] In at least some of those cases, Plaintiff admitted that he suffered from paranoia and schizophrenia. The Court ultimately determined that Plaintiff's allegations of imminent danger in all three cases were irrational and clearly baseless, and, therefore, did not support a conclusion that Plaintiff was in imminent danger of serious physical injury within the meaning of § 1915(g). *See Vandiver*, 727 F.3d at 585; *Rittner*, 290 F. App'x at 798.

Similarly, in a case filed in 2023, Plaintiff presented nearly identical allegations to those presented in the above-discussed 2020 cases; however, Plaintiff alleged that Defendants at Lakeland Correctional Facility used "personal protection device computer systems" (rather than the "Correctional Facility Administration" or "Safety System") "on which they can 'walk and talk with officers and Plaintiff,' . . . 'assault Plaintiff with officers' waste' and . . . 'shout[] racial slurs and profanity in Plaintiff's ear twenty-four hours a day.'" Op., *Burnett v. Morrison et al.*, No. 1:23-cv-1091 (W.D. Mich. Nov. 21, 2023), (ECF No. 6, PageID.65) (quoting Plaintiff's complaint). As the Court had concluded in the 2020 cases, in the 2023 case, the Court concluded that "Plaintiff's present allegations of imminent danger [were] 'fantastic or delusional and r[o]se to the level of irrational or wholly incredible' and d[id] not support a conclusion that Plaintiff [was] in imminent danger of serious physical injury." *Id.*, (ECF No. 6, PageID.65–66) (citation omitted).

Additionally, in a case filed in November of 2024, Plaintiff sued several officials at four separate MDOC facilities, alleging that those officials had agreed to rape and murder Plaintiff by poisoning him with human feces. *See* Op., *Burnett v. Lane et al.*, No. 2:24-cv-200 (W.D. Mich.

---

[3] Plaintiff's allegations are also similar to allegations in complaints he filed in the United States District Court for the Eastern District of Michigan. *See Burnett v. Jenkins et al.*, No. 2:19-cv-13513 (E.D. Mich.); *Burnett v. Walsh et al.*, No. 2:18-cv-11063 (E.D. Mich.) (alleging that officials at the Macomb Correctional Facility used the Safety System to assault Plaintiff); *Burnett v. Herron et al.*, No. 5:18-cv-12471 (E.D. Mich.).

Dec. 26, 2024), (ECF No. 7, PageID.40). Plaintiff alleged that these acts were recorded using the PPD system. *Id.* In that case, "as the Court ha[d] concluded in many of Plaintiff's prior cases," the Court concluded in the November 2024 case that "Plaintiff's present allegations of imminent danger [were] largely 'fantastic or delusional and r[o]se to the level of irrational or wholly incredible,' *Rittner*, 290 F. App'x at 79[8], and d[id] not support a conclusion that Plaintiff [was] in imminent danger of serious physical injury." *Id.*, (ECF No. 7, PageID.44). In light of this, the Court concluded that Plaintiff was barred from proceeding *in forma pauperis* under § 1915(g) in that action. *See id.*

In the present case, Plaintiff again suggests that the Defendants have used a security system, in this case, the "Correctional Facility Administration," which allows Defendants to assault him and "remain unseen." The core of Plaintiff's complaint centers on his belief that the Correctional Facility Administration is "allowing *them* to commit the sex acts in this lawsuit," and the conclusory allegation that Defendant Corrigan has authorized Defendants Campbell, DeLapp, and Doe to assault Plaintiff using the Correctional Facility Administration. (Compl., ECF No. 1, PageID.7–8 (emphasis added).) Plaintiff also vaguely alleges that the "abuse . . . continues at Chippewa Correctional Facility unabated," however, he fails to provide any supporting factual details as to the time, place, or actions by the Defendants to support this conclusory assertion and to show imminent danger of serious physical injury. (*See id.*, PageID.6.) Indeed, Plaintiff's allegations in this action contain far fewer details than his allegations in the above-discussed cases. As the Court has concluded in many of Plaintiff's prior cases, the Court here concludes that Plaintiff's present allegations of imminent danger are "fantastic or delusional and rise to the level of irrational or wholly incredible," *Rittner*, 290 F. App'x at 79, and do not support a conclusion that Plaintiff is in imminent danger of serious physical injury.

Accordingly, Plaintiff is barred from proceeding *in forma pauperis* under § 1915(g). Plaintiff also has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*. The Court will therefore dismiss this action without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)."). Plaintiff is free to refile his complaint as a new action in this Court if he submits the filing fees at the time that he initiates the new action.

### Conclusion

For the foregoing reasons, the Court will deny Plaintiff leave to proceed *in forma pauperis*. The Court will dismiss this action without prejudice to Plaintiff's right to refile his complaint as a new action in this Court with the full civil action filing fees.[4]

For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Further, should Plaintiff appeal this decision, he must pay the $605.00 appellate filing fee in a lump sum, because he is prohibited from proceeding *in forma pauperis* on appeal by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.


Dated:    July 30, 2026                                    /s/ Robert J. Jonker
                                                           Robert J. Jonker
                                                           United States District Judge

---

[4] Because Plaintiff has the opportunity to refile his complaint as a new action in this Court by paying the full civil action filing fees at the time of filing the new action, the Court will not assess the district court filing fees in the present action.